**1158**

Eddie HULL, as Defense Captain of the Black Panther Party, and the Black Panther Party, Plaintiffs,

v.

August PETRILLO, individually and as Mayor of the City of Mt. Vernon, N. Y., James Ritz, individually and as license clerk of the City of Mt. Vernon, N. Y., and Thomas Delaney, individually and as Police Commissioner of the City of Mt. Vernon, N. Y., Defendants.

No. 70–Civ. 2052.

United States District Court, S. D. New York.

June 11, 1970.

Paul G. Chevigny, New York Civil Liberties Union, New York City, for plaintiffs.

Arthur H. Ellis, Corp. Counsel, Mount Vernon, for defendants; Neal A. Permutt, Asst. Corp. Counsel, of counsel.

## MEMORANDUM

CROAKE, District Judge.

The within motions were referred to the undersigned on the call of the calendar in the Motion Part on Tuesday, June 9, 1970. The first motion by the plaintiff seeks an order, pursuant to Rule 65, for a temporary restraining order, pending the final determination of their action.

Plaintiffs herein have brought on the instant action for a declaratory judgment and for an injunction against the named officials of the City of Mount Vernon, seeking protection against interference with distribution of their newspaper, "The Black Panther" in the City of Mount Vernon. Plaintiffs allege with varying degrees of specificity a limited number of incidents of harassment by city police officials, including at least one arrest. Plaintiffs challenge the constitutionality of Chapter 31 of the Ordinances of the City of Mount Vernon,[1] which, they assert, has been applied by defendants in such a way as to infringe on their constitutional rights.

Defendants, in turn, have moved this Court for an order pursuant to Rule 56 (b) of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint. Defendants acknowledge the constitutional principles of freedom of the press which plaintiffs assert and do not dispute the specific infringements which plaintiffs allege. Defendants ar-

---

1. This ordinance relates to peddling—license required—terms, etc. It is conceded by the Corporation Counsel that it is not applicable to the sale of newspapers.

See page 1, affidavit of Neal A. Permutt, Esq., Assistant Corporation Counsel of the City of Mount Vernon, sworn to May 29, 1970.

gue, however, that those specific incidents, limited in time and occurrence, were, in fact, deviations from defendants' policy and practice. In their Memorandum of Law, keyed to their affidavits as indicated, defendants give the following statement of the case:

"More than five months have passed since the issuance of the summons to Bruce Johnson. The newspaper 'The Black Panther' has been sold regularly thereafter in the streets of Mount Vernon with knowledge by the authorities, and such sale has been consistently permitted and not in any way prevented by the police or any other city official. (affidavits of Campbell and Delaney).

"The facts clearly indicate that the police are fully aware of the sale of 'The Black Panther' and that subsequent to December, 1969, they have not interfered with nor issued a summons to any individual selling the said paper for a violation of said Chapter 31 of the city ordinances in failing to have a peddler's license. (affidavit of Campbell and affidavit of Delaney, paragraph 4).

"It has never been and it is not now the official policy of the city authorities to require a license in order to sell newspapers. (affidavits of Mayor Petrillo, Delaney and Adcock).

"The ordinance in question (plaintiffs' Exhibit B) does not by its language in any manner require a license for the sale of a newspaper. In response to an inquiry of the City Clerk's office, the Corporation Counsel has in fact specifically ruled that the ordinance is not applicable to the sale or distribution of newspapers, pamphlets or leaflets, such as 'The Black Panther'. (Ritz affidavit paragraph 4, and Permutt affidavit paragraphs 4–6).

"Nor does the City Clerk require or has he issued a peddler's license pursuant to Chapter 31 of the Ordinances of the City of Mount Vernon in connection with selling or distrib-

uting 'The Black Panther'. (affidavit of Adcock and Ritz)."

These asserted facts stand uncontested. Although it is not denied by defendants that there were what may well be regarded as grave violations of plaintiffs' basic constitutional rights of freedom of the press, there is every indication that these violations have not only ceased, but also that they were in fact never official policy or practice of the officials of the City of Mount Vernon. The questions we face herein are indeed similar to those the Court of Appeals faced barely two weeks ago in Belknap v. Leary, decided May 29, 1970, 427 F.2d 496 (2d Cir. 1970), when it had to decide the question of whether the "deplorable events of May 8, 1970, when a group of construction workers assaulted antiwar demonstrators in downtown New York" represented such a police breakdown as to justify federal injunctive relief for prospective demonstrators at certain scheduled further demonstrations. The Court noted:

" * * * The very statement of these cases [cases where injunctive relief was in fact found proper] shows their inapplicability to a situation involving a single although grave failure by the police to discharge their responsibilities, followed by speedy criticism and the taking of corrective measures by the Mayor and the Police Commissioner. The apparent effectiveness of their action seems to have been shown by the handling of two major demonstrations, one pro-war and one anti-war, since May 8. There is thus no basis at present for any reasonable citizen to assume that these measures will be ineffective so that he must refrain from exercising his First Amendment rights to protest peaceably against the war—or anything else."

After hearing the parties' oral arguments and considering the able papers submitted by both sides, we have determined that the instant case falls squarely within the holding of the *Belknap* case. Accordingly, the motion on behalf of the

**1160**

defendants (although labeled by them as a motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure) will be considered as a motion to dismiss the complaint under Rule 12(b), and the motion for judgment dismissing the complaint is granted in all respects.

So ordered.

